PAGÁN ET AL., PLAINTIFFS, APPELLEES AND APPELLANTS, *v.* SELLÉS ET AL., DEFENDANTS, APPELLANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action of Ejectment.

No. 2119.—Decided March 9, 1920.

APPEAL—NOTICE OF APPEAL—PARTIES.—An appeal should not be dismissed because the notice of appeal was not served on certain defendants not shown by the record to have been summoned, or to have appeared voluntarily, or to have been adjudged in default. In such circumstances it cannot be held that the said defendants were under the jurisdiction of the district court or that they are parties really interested in the appeal.

ID.—BRIEF—DISCRETION OF COURT.—Failure on the part of the appellant to file a brief in time may serve as a ground for dismissing the appeal; but in the exercise of its discretion the court may allow the brief to be filed after the time has expired and then refuse to dismiss the appeal, if there is good cause.

The facts are stated in the opinion.

*Messrs. M.* and *J. Tous Soto* for the plaintiffs.

*Messrs. M. Guerra* and *I. Soldevila* for the defendants Sellés and Sobrino.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The plaintiffs moved for dismissal of the appeal taken by defendants Hermanos Sellés y Sobrino for three reasons: First, because notice of the appeal was not given to defendants Mercedes and José Pagán; second, because the brief of the appellants was not filed within the time allowed by the court; third, because the appeal would serve no practical purpose.

It is true that the brief of the appellants was filed after the expiration of the time allowed therefor by this court, but it is also true that it was filed one day after the motion for dismissal was made and long before the hearing thereon. This is not a jurisdictional question and in the exercise of its discretion the court believes that the appeal should not be dismissed for that reason. See *González* v. *Acha et al.*, 19 P. R. R. 1143, and *Laborde* v. *Ríos, Widow of Toro,* 22 P. R. R. 314.

Nor should the appeal be dismissed as frivolous. We have read the brief of the appellant and in our opinion the questions raised are worthy of consideration.

The real subject of controversy between the parties is the failure to give notice of the appeal to defendants Mercedes and José Pagán.

It appears from the record that the action is one to recover a town property in the present possession of Hermanos Sellés y Sobrino and that the plaintiffs are suing as the heirs of Francisco José Santana. Defendants Mercedes and José Pagán are also heirs, but they were not willing to join the plaintiffs and were therefore included in the complaint as defendants. The district court disposed of the suit by a judgment of June 30, 1919, "in favor of the plaintiffs and for the benefit of the Succession of Francisco José Santana,

it being adjudged that the said succession recover from Hermanos Sellés y Sobrino the possession and enjoyment of the real property sued for. * * * '' Hermanos Sellés y Sobrino appealed from that judgment and gave notice of their appeal to the plantiffs, but failed to give such notice to defendants Mercedes and José Pagán. The plaintiffs maintain that defendants Mercedes and José Pagán are adverse parties and that no notice of the appeal having been given to them, this court has not acquired jurisdiction of the appeal on its merits and therefore should dismiss it.

We have examined the record carefully and although, as we have said, it shows that Mercedes and José Pagán were included in the complaint as defendants, it does not appear that they were summoned, or that they appeared voluntarily, or that their default was duly entered.

Following the complaint the following documents, which are the only ones bearing on the question discussed, are copied into the transcript:

"MOTION FOR DEFAULT.—*To the Clerk:*—From the accompanying duly returned summons it appears that the defendants in this case were summoned at their domiciles in San Lorenzo on February 23, 1917, and have not appeared to answer or demur to the complaint within the time allowed by law. Therefore I request you to enter the default of the said defendants.—Ponce, P. R., March 12, 1917.— (Signed) José Tous Soto, Attorney for the plaintiff."

"STIPULATION.—Now come the parties by their attorneys and stipulate that the default entered in this case be opened and canceled, defendants Hermanos Sellés y Sobrino being allowed ten days within which to answer.—(Signed) José Tous Soto, Attorney for the plaintiffs.—Guerra & Guerra, Attorneys for defendants Hermanos Sellés y Sobrino.—Filed this 4th day of April, 1917.— (Signed) A. Ramírez, Jr., Deputy Clerk, District Court."

"MOTION FOR DEFAULT.—The period of ten days agreed upon by the parties within which the defendants may answer the complaint having expired without their having done so, I hereby request you to enter the default of the said defendants.—Ponce, P. R., April 24, 1917.—(Signed) José Tous Soto, Attorney for the plaintiffs."

"ANSWER.—Now come defendants Hermanos Sellés y Sobrino by their attorneys, Guerra & Guerra, and in answer to the complaint filed in the above-entitled case say: That they deny generally and specially each and all of the material allegations of the complaint.— (Signed) Guerra & Guerra, Attorneys for defendants Hermanos Sellés y Sobrino.—Filed this 5th day of April, 1917.—(Signed) A. Ramírez, Jr., Deputy Clerk, District Court."

The vagueness of the first "motion for default" in referring to the defendants without naming them disappears on examining the "stipulation" which follows it and the second "motion for default." It was unnecessary to rule on the second motion because within the stipulated time Hermanos Sellés y Sobrino filed their answer. They were, in point of fact, the only defendants in the action. The others were merely named in the complaint. At least the record discloses nothing else.

And that being the case, the plaintiffs' contention is clearly decided against them by the doctrine laid down by the Supreme Court of California in the case of *Clarke* v. *Mohr,* 125 Calif. 540–543, as follows:

"A motion is also made on behalf of the respondent Hinckley to dismiss the appeal upon the ground that the notice of appeal was not served upon certain other defendants. The record does not show, however, that either of these defendants were served with the summons in the action, or appeared therein, and consequently service upon them of the notice was not required. (Code Civ. Proc., sec. 1014.) Unless they had been brought before the superior court they would not be affected by its judgment, or by any reversal thereof by this court."

See also the case of *Succession of Igaravídez et al.* v. *Rubert Brothers et al.,* 23 P. R. R. 272, 293.

Considering all that has been said, we hold that there is no ground for dismissal of the appeal taken by Hermanos Sellés y Sobrino in this case.

*Motion overruled.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.